# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN MAZZARA, and individual, | Case No.: 2:10-cv-01822-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Temporary Restraining Order–#2) |
| ZIONS FIRST NATIONAL BANK, N.A., NEVADA STATE BANK, ZIONS BANCORPORATION, | |
| Defendants. | |

Before the Court is Plaintiff Martin Mazzara's **Motion for Temporay Restraining Order** (#2), filed October 20, 2010. Plaintiff filed this motion *ex parte*.

## BACKGROUND

The following are the facts as alleged by Mazzara. Mazzara currently owns the residence located at 609 China Doll Place, Henderson, Nevada 89102 (the "Property"). He purchased the Property after obtaining a loan from Nevada State Bank ("NSB") in October 2003. NSB violated the federal Truth in Lending Act ("TILA") by misleading Mazzara regarding the terms of his loan and the Real Estate Settlement Procedure ("RESPA") by receiving illegal kickbacks.

1

AO 72
(Rev. 8/82)

The Defendant Banks then filed a Notice of Default and Election to Sell Property on September 8, 2008.  Mazzara then filed for bankruptcy, which temporarily haulted the foreclosure proceedings (that case was later dismissed).  Plaintiff has since made ten consecutive mortgage payments on time.  However, the Defendant Banks again filed a Notice of Default and eventually a Notice of Trustee's Sale.  The Banks have not engaged in negotiations with Mazzara.

Mazzara filed suit in this Court on October 20, 2010, alleging: (1) failure to properly respond to a qualified written request; (2) estoppel/declaratory judgment; (3) declaratory judgment; (4) quiet title; (5) accounting; (6) refund fees and costs; (7) compensation for illegal yield spread premium kickbacks in violation of RESPA; and (8) TILA recission.  That same day, Mazzara filed this motion seeking a TRO to halt the sale of the Property.   For the reasons set forth below, the Court denies the motion.

**DISCUSSION**

**I.    TRO Motion**

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).  Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, a party must satisfy each of these four requirements.

**A.    *Ex Parte* Relief**

Rule 7-5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications, or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain a stipulation and why a stipulation was not obtained."  Furthermore, the standard for obtaining ex

parte relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard and where the party has made the proper certifications. Fed. R. Civ. P. 65(b)(1). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

        Mazzara did not satisfy the requirements of Rule 7-5 or Rule 65(b)(1)(B) concerning *ex parte* motions. Mazzara's motion does not make any statement regarding why the motion was brought *ex parte* or as to any good cause for doing so. Further, the motion does not address efforts to obtain a stipulation or why one was not obtained. For these reasons, the Court denies Mazzara's motion.

        **B.**     **Likelihood of Success on the Merits**

        Further, Mazzara has not demonstrated a likelihood of success on the merits. Mazzara claims that by merely alleging violation of various state and federal laws in relation to the origination of his mortgage loan he has shown a likelihood of success on the merits. Allegations are insufficient to show likelihood of success. Mazarra has not presented any argument as to why he is likely to succeed on the merits and the Court has not found any such reason either. The Court also notes that Mazzara's federal TILA and RESPA claims are both likely time–barred by one year statutes of limitations since the loan in question was made in 2003. *See* 15 U.S.C. § 1640; 12 U.S.C. § 2614 (2006). Therefore, even had Mazarra complied with Rule 7-5, since Mazzara has not shown that he is likely to succeed on the merits, the Court would deny the motion.

/

/

3

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Emergency *Ex Parte* Motion For Temporary Restraining Order (#2) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal this motion as Plaintiff failed to comply with the *ex parte* requirements of Local Rule 7-5.

Dated: October 21, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**